**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Barondeau SANDERSON, aka**
**Robert Brondo Sanderson,**
**Defendant–Appellant.**

**No. 07–30168.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Nov. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**620**

Bryan D. Schroder, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Kenneth L. Covell, Esq., Law Offices of Kenneth L. Covell, Fairbanks, AK, Robert Barondeau Sanderson, Federal Detention Center, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Robert Sanderson appeals the district court's denial of a motion to suppress evidence. The facts are well-known to the parties; we need not repeat them here.

■ The district court properly denied the suppression motion because there was no violation of federal law. Since Sanderson was prosecuted in federal court, the legality of the warrant and search are questions of federal, not state law. *United States v. Kovac,* 795 F.2d 1509, 1510–11 (9th Cir.1986). Consistent with this preexisting Ninth Circuit authority, the Supreme Court recently held in *Virginia v. Moore* that "when a state chooses to protect privacy beyond the level that the Fourth Amendment requires .... additional protections [are treated] exclusively as matters of state law." —— U.S. ——, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008).

■ Sanderson next asserts that certain information was withheld from the magistrate issuing the search warrant. The district court properly found that none of the information allegedly withheld would have influenced the magistrate's finding of probable cause.

■ Sanderson's third argument is that the affidavit in support of the search warrant was inadequate. Although more details about the controlled purchase might have increased the magistrate's certainty, they were not necessary to establish probable cause. The magistrate's decision to issue the search warrant was not clearly erroneous.

■ Next, Sanderson argues that the district court erred in not holding a hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We disagree. The district court correctly determined that Sanderson failed to make "a substantial preliminary showing that a false statement [was made in the warrant affidavit] knowing and intentionally, or with reckless disregard for the truth." *Id.* at 155, 98 S.Ct. 2674. Likewise, the district court did not err in refusing to require a district attorney to testify because Sanderson had not met the criteria for a *Franks* hearing.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sanderson's remaining contentions are without merit. He argues that the federal agent who recorded the controlled buy did so in violation of state law. However, the officer was authorized to record the controlled buy under 18 U.S.C. § 2511(2)(c). Finally, Sanderson argues that the district court found that the state magistrate issued a federal warrant. Sanderson takes a statement by the district court out of context. The district court merely stated (correctly) that it is proper to use state warrants in joint federal-state investigations.

AFFIRMED.